LOLA MAE SIMPSON, Plaintiff and Respondent, v. ROBERT S. SIMPSOM, Defendant and Appellant.

No. 11565.
Submitted June 12, 1969.
Decided July 14, 1969.
457 P.2d 477.

Landoe Gary & Olson, Thomas A. Olson, argued, Bozeman, for appellant.

Small & Cunningham and Carl Hatch, Floyd O. Small, argued, Hughes & Bennett, Michael J. Hughes, appeared, Helena, for respondent.

MR. JUSTICE BONNER delivered the opinion of the Court.

This is an appeal by the defendant, Robert S. Simpson, from a judgment entered upon findings of fact and conclusions of

law in a divorce action. The case was tried without a jury in the district court of Lewis and Clark County before the Hon. Victor H. Fall, district judge. The findings of fact and conclusions of law which are contested concern the division of property between the litigants. The award of the divorce to the plaintiff, Lola Mae Simpson, is not contested.

Plaintiff in her complaint, alleges that certain real property held in co-ownership between herself and defendant had been purchased with an initial outlay of $30,000 by plaintiff through her parents and grandparents; that the defendant contributed no money towards the purchase and therefore the plaintiff should receive $30,000 from the proceeds of the sale of the property as reimbursement for her initial investment.

The trial court in its findings of fact and conclusions of law determined: that the plaintiff had received a gift of an amount equal to $30,000 from her grandparents toward the initial purchase price of the property, over and above any amounts which the defendant furnished; that in the sale of such property and division of the proceeds the plaintiff was to receive $30,000 after the outstanding loans upon the property had been paid; and that any amount then remaining would be divided equally between the defendant and plaintiff. It is this ruling which is appealed.

The following facts are not disputed. In the fall of 1954, the parties moved from a ranch west of Bozeman, Montana to a ranch located north of Helena, Montana. Both ranches were owned by the plaintiff's grandfather, a Mr. Hedges. The parties leased this ranch on a crop share basis until the fall of 1961 at which time they purchased it from the plaintiff's grandmother to whom it had been deeded by her husband prior to his death in 1960. Earlier, in 1957, Mr. Hedges sold 403 acres of land which had been part of the total ranch to the Bureau of Reclamation for the construction of Canyon Ferry Reservoir. Mr. Hedges received $45,000 from this sale. The remainder of the ranch was deeded to the parties for a total purchase price of

$30,000 paid to the grandmother from a loan received by the parties from the Farm and Home Administration (hereafter referred to as FHA).

Since the purchase in 1961, the defendant has worked the land, along with the help of three sons, to pay off the loan. The plaintiff has also helped to run the ranch.

It is at this point that the facts become disputed. The plaintiff contends the market value of the property, at the time the ranch was purchased from her grandmother was about $65,000 The trial record shows that through the appraisal of the FHA in 1961, the market value of the property was about $65,000. From this the plaintiff contends, and the trial court agreed, that the great disparity between the market value and actual purchase price was, in effect, a gift from her grandparents of $30,000.

The defendant, on the other hand, contends that in bargaining with plaintiff's grandfather, prior to his death, an agreement had been reached that the $30,000 would be full payment for the land because the other parcel of land sold to the Bureau of Reclamation for $45,000, added to the $30,000, would equal $75,000; an amount which the grandfather believed the land to be worth.

The only issue presented to this Court for determination is whether there is substantial evidence to support the findings and conclusions of the trial court that plaintiff received a gift of $30,000 from the sellers when the parties jointly purchased the ranch property. We hold there is not.

In In re Brown's Estate, 122 Mont. 451, 206 P.2d 816, this Court said:

"To constitute a gift of a chattel there must be (1) an intention on the part of the donor to make the gift; (2) delivery by the donor of the subject matter of the gift, and (3) acceptance of the gift by the donee. [p. 455, P.2d p. 819] * * * the burden of establishing the fact of a gift is on the person claiming the gift. [p. 458, 206 P.2d p. 820] * * * A gift will

not be presumed, but one who asserts title by this means must prove it by clear, convincing, strong and satisfactory evidence. [p. 459, 206 P.2d 821]''

See also, Detra v. Bartoletti, 150 Mont. 210, 433 P.2d 485; Lyons v. Freshman, 124 Mont. 485, 226 P.2d 775, 23 A.L.R.2d 1165; Stagg v. Stagg, 90 Mont. 180, 300 P. 539.

In the above cases, the alleged gifts concerned personal property. In the instant case we are concerned with real property where a deed has been delivered. The plaintiff repudiates the consideration theory in part and contends the deed was transferred to herself and the defendant in cotenancy for the consideration of $30,000 paid by both parties from the loan and a gift of $30,000 from her grandparents. Under these circumstances the burden rests upon the plaintiff to prove the $30,000 was, in fact, an absolute gift. This the plaintiff failed to do. Plaintiff testified at the trial that the property in question had been valued by the FHA at about $65,000; that her grandparents sold the ranch to her and defendant for $30,000; and, therefore they received the ranch for one-half of its market value. Upon questioning from the trial court the following dialogue took place:

''THE COURT: * * * She claims she has got $30,000 more coming than her husband, and as I understand your story, it is that you got the ranch for about half, for about $30,000 less than what it is worth.

''THE WITNESS: That is my belief.

''THE COURT: All right. Go ahead. Now I understand it.

''THE WITNESS: Now, this offer was made from my— through my grandfather and my grandmother because of me being a granddaughter. There wouldn't have been any possible way for him to buy the ranch at that price if I hadn't consented to it and if they hadn't been my grandparents.''

Other like testimony was elicited from the plaintiff but in our opinion this is not clear, strong, convincing and satisfactory evi-

dence of an intent by the grandparents to transfer a gift to the plaintiff.

Plaintiff's argument that this Court should not overturn the trial court's findings and conclusions is clearly without merit. We stated in Estate of Cocanougher, 145 Mont. 60, 399 P.2d 420:

"As we have stated before, we are long committed to the rule that we will not reverse the finder of fact unless the evidence clearly preponderates against it. This is a sound rule that should not be avoided lightly, but where there is insufficient evidence to support the conclusions of the finder of fact, such a rule should not stand as a bar to justice."

There is clearly insufficient evidence here to support the finding of a gift being given. For these reasons the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN CONWAY HARRISON and HASWELL, concur.

MR. JUSTICE CASTLES, deeming himself disqualified, took no part in this cause.